**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40885
Summary Calendar

RONALD S. BROWN,

Plaintiff-Appellant,

VERSUS

KENNETH A. MC CANN, CO 3, COFFIELD UNIT,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-895)

June 24, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald Brown, Texas prisoner # 709046, filed a suit under 42 U.S.C. § 1983 against several officials of the Texas Department of Criminal Justice in which he alleged various violations of his Eighth Amendment protections against cruel and unusual punishment. He specifically alleged that corrections officers Kenneth McCann and Anthony Carlile subjected him to excessive force, and that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical personnel ignored his medical complaints. Prior to trial, the magistrate judge dismissed all but one of Brown's claims. After a bench trial, the magistrate judge dismissed the remaining claim against McCann on the ground that McCann had used a reasonable amount of force to quell a disturbance that Brown created. This appeal followed.

Brown alleges that the magistrate judge erred in the following respects: (1) by refusing to appoint counsel and refusing to permit an inmate writ writer to represent him at trial; (2) by concluding that Brown had failed to show that McCann's conduct was unreasonable and in bad faith; and (3) by dismissing Brown's claims against Carlile as frivolous. None of these contentions has merit. We affirm.

The magistrate judge did not abuse her discretion in refusing to appoint counsel and refusing to allow an inmate writ writer to represent Brown.[2] Brown failed to establish that his complaint presented exceptional circumstances that would warrant an appointment of counsel. Furthermore, since Brown's access to the court was not infringed, he did not have the right to a fellow prisoner's help in prosecuting his case.[3]

Though Brown would like to show that the magistrate erred in dismissing his claim against McCann, he cannot do so because he has

---

[2] See *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

[3] *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996).

2

failed to produce a trial transcript for our review.  Since he cannot demonstrate that the magistrate judge's findings were clearly erroneous, we dismiss this part of the appeal.[4]

Finally, the magistrate judge did not err in dismissing Brown's claim against Carlile prior to trial.  In simple terms, the claim lacked an arguable basis in law or fact.[5]

AFFIRMED IN PART, DISMISSED IN PART.

---

[4] <u>See</u> *Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990).

[5] <u>See</u> *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).